UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

PHILLIP YATES,

                Plaintiff,

                v.

A. CUNNINGHAM, et al.,

                Defendants.

REPORT & RECOMMENDATION
and DECISION & ORDER

08-CV-6346CJS

---

By order dated May 19, 2010, the above-captioned matter has been referred to the undersigned for the supervision of pretrial discovery and the hearing and disposition of all non-dispositive motions, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B).  (Docket # 31). Plaintiff Phillip Yates ("Yates") has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 alleging that defendants have violated his constitutional rights by assaulting him and denying him medical treatment.  (Docket # 18).  Currently pending before the Court are two motions by Yates to amend his complaint, as well as motions to compel filed by both parties.  (Docket ## 42, 43, 58, 69).  For the reasons stated below, I recommend that Yates's motions to amend his complaint be denied in part and granted in part.  In addition, for the reasons explained herein, Yates's motion to compel is denied and defendants' motion to compel is granted.

I. <u>Motions to Amend</u>

    A. <u>Factual Background</u>

Yates initially filed this action on August 4, 2008, setting forth allegations related to a lien he had filed against a piece of property in Yates County, New York, which he contended was improperly extinguished. (Docket ## 1; 3 at 2-3). The district court dismissed those claims with prejudice unless he filed an amended complaint by February 18, 2009 asserting a proper federal claim. (Docket # 3). Thereafter, Yates sought and received three extensions of that deadline, ultimately filing his amended complaint on September 21, 2009. (Docket ## 4-10, 12,13).

In his amended complaint, Yates abandoned his claims related to the property in Yates County and instead alleged that he was assaulted by Yates County Deputy Sheriffs Cunningham and Emerson during an arrest for driving while intoxicated on February 5, 2006. (Docket ## 13; 14 at 3). Upon review, the district court permitted those claims to proceed on the condition that Yates filed an amended pleading addressing the statute of limitations, but dismissed with prejudice other new claims by Yates regarding interference with his parental rights and inadequate assistance of counsel. (Docket # 14 at 4-5, 8-9).

Yates filed his second amended complaint, the current operative pleading, on November 20, 2009. (Docket # 18). That complaint named additional defendants and added new claims. (*Id*.). Following its review of that pleading, the district court permitted Yates to proceed only on his claims for assault and inadequate medical treatment. (Docket # 19 at 7). The court dismissed several defendants with prejudice, including Yates County Deputy Sheriff Fitch. (*Id*.).

Subsequently, the Court denied Yates's motion to supplement his complaint to add unrelated allegations against the Division of Parole regarding a December 29, 2009 incident and against the Onondaga Family Court regarding a custody proceeding. (Docket # 24 at 4-5).

On October 27, 2010, this Court entered a scheduling order setting January 5, 2011 as the deadline for motions to join parties or amend pleadings. (Docket # 40). Yates's instant motions to amend the complaint were filed within that deadline. (Docket ## 42, 58).

In the first pending motion to amend, Yates alleges that in retaliation for filing the instant lawsuit, in October 2010 defendants conspired to deprive him of his constitutional rights by planning to arrest him on a "bogus" outstanding warrant as soon as he could be "located." (Docket # 42 at ¶¶ 24-26). The proposed amended complaint seeks a preliminary and permanent injunction prohibiting Yates County from arresting him. (*Id*. at ¶¶ 27-28). Defendants oppose this motion on the basis that it is futile. (Docket # 51).

In his second motion, Yates seeks to add three new defendants – Neil Freeland,[1] Lisa Wood and Eric Fitch – on his assault claim. (Docket # 58). Yates contends that he did not learn of these defendants' identities until he received discovery from defendants. (*Id*.). Yates has failed to attach a proposed amended complaint to his motion, making it difficult to discern the exact nature of his factual allegations and claims against them; however, in reply to defendants' opposition, Yates has clarified that documents reveal that Fitch and Freeland participated in the assault and Wood, the technician who administered his blood alcohol content

---

[1] Plaintiff originally sought to name James Freeland, but later corrected his name to Neil Freeland. (*See* Docket # 64 at ¶¶ 2, 6).

test, witnessed the assault and failed to intervene. (Docket # 64). Defendants oppose the amendment. (Docket # 62).

### B. <u>Discussion</u>

Under Rule 15(a) of the Federal Rules of Civil Procedure, once the time for amending a pleading as of right has expired, a party may request leave of the court to amend, which "[t]he court should freely give when justice so requires." Fed. R. Civ. P. 15(a)(2). Similarly, Rule 15(d) permits the court, upon motion of a party, to allow the filing of a supplemental pleading "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Supplemental relief "may include the addition of new defendants and new claims, if adequately related to the originally stated claims." *McLean v. Scully*, 1991 WL 274327, *1 (S.D.N.Y. 1991). *See Carter v. Atruz*, 1998 WL 782022, *2 (S.D.N.Y. 1998) (Rule 15(a) permits assertion of matters that were "either overlooked or unknown" at time of original pleading; Rule 15(d) enables a party to set forth in a supplemental pleading events that "have happened since the date of original pleading").

If the supplemental claim is filed before the applicable statute of limitations has expired, the applicable standard under both Rule 15(a) and Rule 15(d) is the same. *See Gittens v. Sullivan*, 670 F. Supp. 119, 123-24 (S.D.N.Y. 1987) ("[t]he standard for the exercise of discretion on a motion to supplement the pleading is the same as that for disposition of a motion to amend . . . , which should be liberally granted"), *aff'd*, 848 F.2d 389 (2d Cir. 1988). Thus, under either rule, if the underlying facts or circumstances relied upon by the party seeking leave to amend may be a proper subject of relief, the party should be allowed to test the claim on its merits. *See United States ex rel. Maritime Admin. v. Cont'l Ill. Nat. Bank and Trust Co. of Chi.*,

889 F.2d 1248, 1254 (2d Cir. 1989). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

While the court retains discretion to grant or deny leave to amend under Rule 15(a), "[the] outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Id.*; *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 46 (2d Cir. 1983).

In evaluating a motion to amend, the court should carefully consider whether the non-moving party will be prejudiced by such amendment. According to the Second Circuit, a court must consider "whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) (citations omitted).

Despite the ordinarily lenient standard, if the amendment proposed by the moving party is futile, "it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d at 131 (*per curiam*). "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (citing *Dougherty v. Town of N.*

*Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002)). To avoid dismissal, the proposed amended claim must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

   Yates's application to add allegations that defendants conspired to arrest him should be viewed as a motion to supplement under Rule 15(d) because it sets forth allegations occurring following the events alleged in the complaint. I find that Yates's new allegations are plausibly related to his original claims: Yates's pending complaint alleges a February 2006 assault; he now seeks to add allegations that defendants have threatened to arrest him in retaliation for filing the instant lawsuit. Accordingly, I find that these allegations are related to the claims asserted in the pending complaint.

   Those new allegations nonetheless do not state a plausible basis for relief and are therefore futile. "An action that could not survive a [Rule] 12(b)(6) motion could not, *a fortiori*, satisfy the preliminary injunction standard." *Burritt v. New York State Dep't of Transp.*, 2008 WL 5377752, *1 (N.D.N.Y. 2008). "A preliminary injunction may be issued provided that the moving party demonstrates (a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." *Id*. (citing *Lusk v. Vill. of Cold Spring*, 475 F.3d 480, 485 (2d Cir. 2007). Federal courts may not "enjoin state officers from instituting criminal actions . . . except under extraordinary circumstances, where the danger of irreparable loss is both great and immediate. . . . The accused should first set up and rely upon his defense in the state courts . . . unless it

plainly appears that this course would not afford adequate protection." *Younger v. Harris*, 401 U.S. 37, 45 (1971) (quoting *Fenner v. Boykin*, 271 U.S. 240, 243-44 (1926)). *See also St. Martin's Press, Inc. v. Carey*, 605 F.2d 41, 45 n.4 (2d Cir. 1979) (injunction will "issue against the enforcement of a criminal statute only in 'exceptional circumstances' and upon a clear showing of necessity").

Here, Yates's allegations could not support the issuance of a preliminary injunction barring the Yates County Sheriff's Department from arresting him because he cannot establish that the "threatened harm" is "'actual and imminent' and 'not remote or speculative.'" *Champagne v. Gintick*, 871 F. Supp. 1527, 1531 (D. Conn. 1994) (citing *New York Nuclear Regulatory Comm'n*, 550 F.2d 745, 755 (2d Cir. 1977)). Yates's allegation that in October 2010 he was told that he would be arrested as soon as he was "located" (Docket # 42 at ¶ 24) does not support a finding that his threatened arrest is genuine and imminent. *Cf. City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983) (plaintiff lacked standing under Article III of the Constitution to seek preliminary injunction against use of chokeholds where plaintiff alleged only that he had been subjected to chokehold in earlier arrest); *St. Martin's Press, Inc. v. Carey*, 605 F.2d at 44 (issuance of preliminary injunction against enforcement of statute improper in absence of plan to enforce statute against plaintiff); *Champagne v. Gintick*, 871 F. Supp. at 1531 (preliminary injunction denied where plaintiff's claim that she would be arrested again was "pure speculation"). Yates evidently has not been arrested in the year since the purported threat; moreover, defendants have submitted an affidavit from Yates County Sheriff Ronald Spike affirming that no arrest warrant for Yates is outstanding. (Docket # 50). On this record, Yates's allegations do not establish that he is under threat of imminent harm justifying his request for

judicial involvement. Accordingly, I recommend that the district court deny Yates's motion to amend his complaint to seek an injunction against a future, speculative retaliatory arrest.

I turn now to Yates's second pending motion to amend.[2] As an initial matter, the district court previously dismissed with prejudice Yates's claims against Fitch (Docket # 19 at 7); thus, he may not now be reinstated as a defendant. (Docket # 64, Ex. A).

By contrast, I recommend that the district court grant Yates's motion to add Freeland and Wood as defendants on the grounds that he only recently learned their identities through defendants' production. (Docket # 64). Yates alleges that Freeland participated in the alleged assault and has produced a "Jail Incident report" stating that Freeland restrained him during the February 6, 2006 incident. (Docket # 64, Ex. A). In addition, Yates has alleged that Wood witnessed, but did not intervene in the February 2006 incident. These allegations apparently arise from Yates's review of various documents produced by defendants identifying Wood as the "operator" of the blood alcohol content testing device. (Docket # 64, Exs. A, A-1). *See O'Neill v. Krzeminski*, 839 F.2d 9, 11 (2d Cir. 1988) (officers have "an affirmative duty to intercede on the behalf of a citizen whose constitutional rights are being violated in his presence by other officers"). Based upon this newly-discovered evidence, Yates should be allowed to add Freeland and Wood as defendants.

---

[2] Yates has failed to submit a proposed amended complaint, which alone is a sufficient basis upon which to deny his request for relief. *See*, *e.g.*, *Singh v. New York State Dep't of Taxation & Fin.*, 2011 WL 3273465, *34 (W.D.N.Y. 2011) (citing *Murray v. New York*, 604 F. Supp. 2d 581, 588 (W.D.N.Y. 2009)). However, because Yates is proceeding *pro se* and has further explained his proposed claims in his reply, I will consider his motion on its merits. *See id*.

**II.   Yates's Motion to Compel**

On March 29, 2010, before this Court had held a scheduling conference or issued a scheduling order, Yates propounded interrogatories and requests for production of documents. (Docket # 27). He then filed a motion to compel on April 12, 2010. (Docket # 29). A Rule 16(b) conference was held on October 27, 2010. (Docket # 45). On that same date, this Court denied Yates's motion to compel as premature and advised Yates that he was free to pursue discovery. (Docket # 41). Two days later, on October 29, 2010, Yates simultaneously propounded interrogatories and requests for production and filed a motion to compel their response. (Docket ## 43, 44). Despite the issuance of a motion scheduling order providing a deadline for defendants' response to the motion to compel, none was filed. (Docket # 48). While the record demonstrates that defendants have provided some discovery to Yates,[3] that discovery has not been filed with the Court, as required by Local Rule 5.2(f).

The Federal Rules of Civil Procedure afford parties thirty days to respond to interrogatories and requests for production. Fed. R. Civ. P. 33, 34. In addition, Rule 37 provides that a moving party must certify that he has, in good faith, attempted to resolve any discovery disputes prior to filing a motion to compel. Fed. R. Civ. P. 37(a)(1). Application of these rules to this case requires denial of Yates's motion to compel because it was filed before the deadline for responding and because Yates did not confer with opposing counsel in good faith prior to filing it. Should Yates believe that the Court's intervention is still necessary after he confers with defense counsel, he may file a motion specifically identifying the interrogatory and document

---

[3] Indeed, counsel for defendants has stated in correspondence with Yates that all relevant and material documents have been produced. (Docket # 69, Ex. G).

9

request responses that he challenges and explaining the reasons why he believes defendants' responses are deficient.

### III. Defendants' Motion to Compel

On March 18, 2011, defendants filed the instant motion to compel Yates to respond to interrogatories served on December 3, 2010. (Docket # 69). In support of their motion, defendants have submitted correspondence between counsel and Yates demonstrating counsel's efforts to secure Yates's responses. In opposition to defendants' motion, Yates contends that he is not required to provide additional discovery to defendants until they provide additional unspecified discovery. (*See* Docket # 75). Yates may not refuse to respond to properly served interrogatories on this basis. *See* Fed. R. Civ. P. 33. Accordingly, defendants' motion to compel is granted.

Yates's filings in this case reflect some confusion over the proper scope of discovery. For that reason, a **telephone status conference** with this Court will be held on **Wednesday**, **October 26, 2011**, **at 10:20 a.m.** A notice directing the parties to appear will issue separately. At that time, this Court will establish a deadline for Yates to file his responses to defendants' interrogatories.

### CONCLUSION

For the reasons stated above, I recommend that the district court deny Yates's motion to amend his complaint. **(Docket # 42)**. I further recommend that the district court deny Yates's motion to reinstate Fitch as a defendant and grant his motion to add Freeland and Wood

10

as defendants. **(Docket # 58)**. Yates's motion to compel **(Docket # 43)** is **DENIED**.

Defendants' motion to compel **(Docket # 69)** is **GRANTED**.

                                      *s/Marian W. Payson*
                                      MARIAN W. PAYSON
                                   United States Magistrate Judge

Dated: Rochester, New York
       September  23 , 2011

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b), 6(a) and 6(e) and Local Rule 72.3(a)(3).

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See e.g. Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

**IT IS SO ORDERED.**

                                                *s/Marian W. Payson*
                                                  MARIAN W. PAYSON
                                         United States Magistrate Judge

Dated: Rochester, New York
        September   23  , 2011