UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PHILIP YATES,

                    Plaintiff,             No. 08-CV-6346 CJS

  -vs-

                                                  DECISION AND ORDER

A. CUNNINGHAM, et al.,

                    Defendants.
_____

INTRODUCTION

Now before the Court are Plaintiff's Objections [#85] to a combined Report & Recommendation and Decision and Order [#82] of the Honorable Marian W. Payson, United States Magistrate Judge. Plaintiff's objections are denied.

BACKGROUND

The background facts of this action are detailed in Magistrate Judge Payson's decision [#82], and need not be repeated here. It is sufficient to note that Plaintiff, proceeding *pro se*, is suing members of the Yates County Sheriff's Department and the Penn Yan Police Department pursuant to 42 U.S.C. § 1983, for alleged constitutional violations arising from a traffic stop and DWI arrest on February 5, 2006. *See*, Second Amended Complaint [#18]. Plaintiff apparently denies that he was intoxicated from alcohol, and maintains that he was incapacitated from taking a variety of medications that were prescribed to him for various physical and mental impairments. *Id*. Plaintiff alleges that Officer Cunningham arrested him, when he should have sought medical help for him. Plaintiff further alleges that Defendants physically assaulted him during the sobriety testing and booking procedures. *Id*. Specifically, he contends that Officer

1

Emerson assaulted him, while Cunningham and Officers Blumburgs and James watched the assault without intervening. Plaintiff states that as a result of the assault, he suffered cuts and bruises on his wrists. *See, id*. and Order [#19] (Permitting claims to go forward against Cunningham, Emerson, Blumburgs and James, and dismissing all other claims in the Second Amended Complaint).

Plaintiff subsequently filed two motions to amend (Docket Nos. [#42] & [#58])  The first motion [#42] seeks to add a claim that in or about October 2010, someone threatened to arrest him at some future date on a "bogus" outstanding warrant. The proposed amended complaint does not indicate who allegedly made the threat, nor does it allege any facts that would seem to connect this incident with his DWI arrest almost five years earlier. Plaintiff requests, *inter alia*, injunctive relief, apparently consisting of an injunction forbidding Defendants from harming him or violating his rights. The second motion to amend [#58] seeks to add new defendants to the claims contained in the Second Amended Complaint [#18], namely, Officer Neil Freeland[1] ("Freeland"), Officer Lisa Wood ("Wood") and Officer Eric Fitch ("Fitch"). Plaintiff's motion does not explain the basis for his claims against Freeland, Wood or Fitch, except that he refers to paragraphs 15 and 16 of the Second Amended Complaint, in which he alleged that Emerson assaulted him while other officers watched and failed to intervene. From this, Magistrate Judge Payson gleans that Plaintiff is alleging that Freeland, Wood and Fitch also witnessed the alleged assault and failed to intervene. Plaintiff did not submit a proposed amended complaint with the second motion to amend.

---

[1] Incorrectly listed in Plaintiff's papers as James Freeland.

In addition to the two aforementioned motions, Plaintiff and Defendant both filed motions to compel discovery. *See*, Docket Nos. [#43] & [#69]. Notably, Plaintiff's motion to compel [#43], filed on October 28, 2010, concerns a discovery demand that he had served just one day earlier.[2] Defendants' motion [#69], filed on March 18, 2011, seeks to compel Plaintiff to respond to interrogatories served on him on December 3, 2010.

On September 23, 2011, Magistrate Judge Payson issued the subject Report & Recommendation and Decision and Order [#82]. Judge Payson recommends that the Court deny Plaintiff's first motion to amend [#42], on the grounds that his allegation that defendants threatened to arrest him does not state a plausible claim for injunctive relief, since there is no indication that he has ever been in imminent danger of actually being arrested on the alleged warrant. On the other hand, Judge Payson recommends that the Court grant Plaintiff's second motion to amend [#58], as to Freeland and Wood, but not as to Fitch, since the Court previously dismissed the claims against Fitch with prejudice.

As for the non-dispositive motions to compel, Judge Payson ruled that Plaintiff's motion [#43] should be denied, since it was filed prematurely, and that Defendants' motion [#69] should be granted, since Plaintiff had unjustifiably failed to respond to Defendants' interrogatories.

On October 4, 2011, Plaintiff filed the subject Objections [#85], objecting to Judge Payson's recommendation as to his first motion to amend [#42], and her rulings on the motions to compel [#43][#69]. The portion to which Plaintiff does not object, namely,

---

[2] As discussed further below, Plaintiff had served a discovery demand some months earlier, but Judge Payson deemed it premature, since there had been no scheduling conference or scheduling order in the case.

Judge Payson's recommendation as to the second motion to amend [#58], is affirmed and adopted.

ANALYSIS

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure and Title 28 U.S.C. § 636(b)(1)(A), this Court may review non-dispositive matters previously decided by a magistrate judge and set them aside if they are clearly erroneous or contrary to law. FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A) (2002). A finding is clearly erroneous if, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

On the other hand, where a Magistrate Judge has issued an R&R concerning a motion that is dispositive of a claim, this Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FRCP 72(b)(3); *see also*, 28 U.S.C. § 636(b)(1)(C).

Plaintiff's Motion to Amend [#42]

Plaintiff maintains that his proposed new claim, involving the threat to arrest him, plausibly states a claim for retaliation. In that regard, in support of his Objections, he proffers these additional facts: "[O]n July 2, 2011, . . . Sheriff O'Neal approached Plaintiff's residence at 350 U.S. Route 20 [and] called Plaintiff an asshole and threatened and intimidated Plaintiff by saying that he would "bring five police cars" of officers to arrest Plaintiff. And, when Plaintiff asked Sheriff O'Neal whether he was under arrest,

Mr. O'Neal replied[,] "You may be." Objections [#85] at pp. 1-2. Having considered this issue *de novo*, the Court finds that Plaintiff has not alleged a plausible claim of retaliation, since there is no indication that the alleged threat is any way connected to Plaintiff having engaged in protected activity. Plaintiff offers no context for O'Neal's alleged statement, therefore it is completely unclear what prompted the alleged threat. Moreover, merely threatening to violate someone's constitutional rights is not actionable under Section 1983. *See, 5 Borough Pawn, LLC v. City of New York*, 640 F.Supp.2d 268, 287 (S.D.N.Y. 2009) ("[T]hreatening to violate a person's constitutional rights cannot be the basis for a claim under § 1983.") (citations omitted). Accordingly, Plaintiff's motion to amend [#42] is denied.

The Motions to Compel [#43] & [#69]

Plaintiff contends that Magistrate Judge Payson erred in denying his motion to compel and in granting Defendants' motion. With regard to his motion, Plaintiff states that Judge Payson failed to consider that he served the discovery demand in March 2010, and that he then made a good faith attempt to compel Defendants to comply by writing to them in May 2010. However, Judge Payson found that the March 2010 demand was premature. Moreover, Judge Payson found that the October 2010 motion to compel was similarly premature, since it was filed the same day as Plaintiff's only timely discovery demand. *See*, Report & Recommendation and Decision and Order [#82] at p. 9.

Plaintiff further contends that Judge Payson erred by granting Defendants' motion to compel, since he substantially complied with their discovery demand. For example, he states that he did not need to provide Defendants with copies of his medical records,

5

since he instead supplied them with a signed medical release form. *See*, Objections [#85] at p. 3.

However, Plaintiff has not met the difficult burden of showing that Magistrate Judge Payson's rulings on these motions were clearly erroneous or contrary to law.

## CONCLUSION

For the reasons discussed above, Plaintiff's Objections [#85] are denied, and the Decision and Order/Report & Recommendation [#82] is affirmed and adopted in all respects. Plaintiff's motion to amend [#42] and motion to compel [#43] are denied, and Defendants' motion to compel [#69] is granted. Plaintiff's motion to amend [#58] is granted in part as follows: The Second Amended Complaint [#18], at paragraphs 15-16, is deemed amended to include claims, for failure to protect under Section 1983, against Freeland and Wood. Otherwise, the motion [#58] is denied. The Clerk of the Court is directed to cause the United States Marshal to serve copies of the Summons, Second Amended Complaint [#18], and this Decision and Order, upon defendants Freeland and Wood, without Plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in Plaintiff's favor. The Clerk of the Court is directed to terminate motions [#42],[#43],[#58] and [#69].

So Ordered.

Dated: Rochester, New York
    May 3, 2012

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge