UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

─────────────────────────────────

PHILLIP YATES,

                    Plaintiff,                              REPORT & RECOMMENDATION
                                                            and DECISION & ORDER

          v.                                                08-CV-6346CJS

A. CUNNINGHAM, et al.,

                    Defendants.

─────────────────────────────────

          Plaintiff Phillip Yates ("Yates") has filed a *pro se* complaint pursuant to 42

U.S.C. § 1983 alleging that defendants have violated his constitutional rights by assaulting him

and denying him medical treatment at the Yates County Jail in February 2006.  (Docket ## 18,

139).  Currently pending before the Court are several motions filed by Yates.  Specifically, Yates

has moved to compel responses to three interrogatories, as well as to amend and supplement his

complaint.  (Docket ## 90, 101, 141).  In addition, Yates has filed a motion entitled "Motion for

Fine Revocation or Modification."  (Docket # 152).  For the reasons stated below, I recommend

that the district court deny Yates's motions to amend and supplement his complaint.  In addition,

for the reasons explained herein, Yates's motions to compel and for fine revocation are denied.  I

turn first to Yates's motions to amend and to supplement his complaint.


**I.  Motions to Amend and Supplement**

          **A.  Factual Background**

          This Court recounted Yates's claims at length in a previous report and

recommendation dated September 23, 2011, in which I recommended that the district court grant

Yates's motion to amend his complaint to assert claims against new defendants Freeland and

Wood.  (Docket # 82).  In that motion, Yates had argued that he had not discovered Freeland and

Wood's identities until he was provided with discovery related to the incident at issue in the

complaint.  (*Id*. at 3).  Familiarly with that report and recommendation is assumed.  On May 4,

2012, United States District Judge Charles J. Siragusa adopted my September 23, 2011 report

and recommendation.  (Docket # 139).

The deadline for motions to join parties or amend pleadings expired January 5,

2011.  (Docket # 40).  Yates filed the instant motion to amend the complaint on February 8, 2012

and the motion to supplement the complaint on May 15, 2012.  (Docket ## 90, 141).  In support

of his motion to amend, Yates submitted a proposed third amended complaint adding a new

defendant, Paula Mitchell ("Mitchell").  (Docket # 90).  A review of the proposed third amended

complaint, however, reveals that it is devoid of any factual allegations regarding any conduct by

Mitchell.  (*Id*.).  In his motion to supplement, however, Yates sets forth that he wishes to assert a

claim against Mitchell that she denied him psychotropic medication while he was incarcerated in

the Yates County Jail in February 2006 (the same date as the incidents alleged in the second

amended complaint) and that the denial of the medication caused Yates to suffer "suicidal

ideations, depression and irrational thoughts."  (Docket # 141).

According to defendants, Paula Mitchell is in fact Paul Mitchell, an individual

who provided nurse practitioner services to the Yates County Jail on a contractual basis during

February 2006.  (Docket # 144 at ¶ 22).  Thus, defendants oppose the addition of Mitchell as a

defendant on the grounds that he was not an employee of Yates County during the events at issue

in this case.  (*Id*.).  Further, defendants represent that Yates was provided with discovery

2

sufficient to identify Mitchell on November 12, 2010.  (*Id*. at ¶ 23).  Indeed, Yates's prior motion

to add Freeland and Wood as defendants was filed on January 3, 2011, shortly after the

disclosure.  (Docket # 58).  Finally, defendants assert that Yates failed to exhaust his

administrative remedies relating to a complaint about the denial of anti-depressant medication.

(Docket # 144 at ¶ 25).

### B.  Discussion

In deciding a motion to amend filed after the deadline for amending the pleadings

has expired, a court must balance the requirements of Rules 15(a) and 16(b) of the Federal Rules

of Civil Procedure.  *See Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339 (2d Cir. 2000).

Under Rule 15, "[t]he Court should freely give leave [to amend] when justice so requires."  Fed.

R. Civ. P. 15(a)(2).  Generally, under Rule 15, if the underlying facts or circumstances relied

upon by a party seeking leave to amend may be a proper subject of relief, that party should be

afforded the opportunity to test the claim on its merits.  *United States ex rel. Mar. Admin. v.*

*Cont'l Ill. Nat'l Bank and Trust Co. of Chi.*, 889 F.2d 1248, 1254 (2d Cir. 1989) (quoting *Foman*

*v. Davis*, 371 U.S. 178, 182 (1962)).  "In the absence of any apparent or declared reason – such

as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure

deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue

of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the

rules require, be 'freely given.'"  *Foman v. Davis*, 371 U.S. at 182.

According to Rule 16(b), the district court shall enter a scheduling order setting a

deadline for subsequent proceedings in the case, including amendments to the pleadings.  Fed. R.

Civ. P. 16(b).  By limiting the time for amendments, the rule is designed to offer a measure of

certainty in pretrial proceedings, ensuring that "at some point both the parties and the pleadings will be fixed."  *See* Fed. R. Civ. P. 16. Advisory Committee's Note (1983 amendment, discussion of subsection (b)).  The rule provides that "[a] schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4); *see also Parker v. Columbia Pictures Indus.*, 204 F.3d at 340.

In *Parker*, the Second Circuit addressed the showing required of a party moving to amend its pleadings after the time set by the court for filing such motions.  204 F.3d at 340.  In that case, the court joined several other circuits in holding that "the Rule 16(b) 'good cause' standard, rather than the more liberal standard of Rule 15(a), governs a motion to amend filed after the deadline a district court has set for amending the pleadings."  *Id.* (internal citations omitted) (collecting cases).

According to the Second Circuit, "despite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause."  *Parker*, 204 F.3d at 340.  "Good cause," the court reasoned, "depends on the diligence of the moving party."  *Id.*; *accord Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009) ("[w]hether good cause exists turns on the 'diligence of the moving party'") (quoting *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003)), *cert. denied*, 131 S. Ct. 795 (2010); *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007); *Carnrite v. Granada Hosp. Grp., Inc.*, 175 F.R.D. 439, 446 (W.D.N.Y. 1997).

In determining whether to grant a motion to amend, the Court must weigh the good cause shown for the delay against the prejudice to the non-movant that will result from the

4

amendment.  *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d at 244; *Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 46-47 (2d Cir. 1983).  Considerations of prejudice include whether the new claim would (i) require significant additional discovery; (ii) significantly delay the resolution of the dispute; or (iii) prevent the non-moving party from bringing a timely action in another jurisdiction.  *Block v. First Blood Assoc.*, 988 F.2d 344, 350 (2d Cir. 1993) (collecting cases).  "However, the absence of prejudice to a nonmoving party does not alone fulfill the good cause requirement of Rule 16(b)."  *Woodworth v. Erie Ins. Co.*, 2009 WL 3671930, *3 (W.D.N.Y. 2009) (emphasis omitted) (internal citations omitted).

It is well-settled that a *pro se* litigant is entitled to liberal construction of his complaint, especially where the plaintiff complains of civil rights violations.  *See*, *e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991) (liberal pleading standard "is to be applied with particular strictness" where plaintiff is *pro se* and alleges civil rights violations).  In other words, courts must interpret *pro se* complaints "'broadly' and as raising 'the strongest argument that it suggests.'"  *Baptista v. Hartford Bd. of Educ.*, 427 F. App'x 39, 41 (2d Cir. 2011) (internal citations omitted).  Adherence to this standard requires courts to be "accommodating" in granting leave to amend *pro se* complaints unless the "amendment would be futile."  *Id*. (quoting *Fulton v. Goord*, 591 F.3d 37, 45 (2d Cir. 2009)).

Application of the above-cited authority requires denial of Yates's motions to add Mitchell as a defendant.  Yates has proffered no explanation for his failure to seek to add Mitchell as a defendant until more than a year after the deadline for amending the pleadings had expired and after he had obtained the discovery necessary to learning Mitchell's identity.

Defendants have represented that Yates was provided with discovery identifying Mitchell in November 2010.  Yates's motion to amend his complaint to add Freeland and Wood, filed in January 2011, supports this assertion.  Yates has offered no explanation why he did not move to add Mitchell as a defendant at the same time.  Accordingly, Yates has not established good cause for his amendments outside of the deadlines set forth in the scheduling order.

Accordingly, I recommend that the district court deny Yates's motions to amend and supplement his complaint.[1]  I turn next to Yates's motion to compel.


## II.  Motion to Compel

Yates has moved to compel defendants' response to certain interrogatories that he contends were served on October 27, 2010.  (Docket # 90).  According to Yates, defendants failed to answer interrogatories asking:

> (1) [I]f any person received or [c]laims to have received medical treatment in a clinic or hospital as a result of the incident, [i]dentify all medical care providers assigned to work in the clinic or hospital on the date of the [i]ncident, and for each provide the name and date of any reports or other writing prepared by the [p]erson regarding the incident or regarding the treatment of any person involved in the incident;

> (2) List and explain any and all captions naming all pending litigation in State and/or Feder[al] Court; and

> (3) Identify all persons who are now, or were formally employees of the Yates County Sheriff's Department; Yates County [P]olice Department or Detectives for the respective Departments, and at

---

[1]  I also deny Yates's motion for an extension of time to file a "supplemental response to his reply" to defendants' opposition to his motion to amend.  (Docket # 111).  In the motion, Yates referenced waiting for the receipt of some records pursuant to a FOIL request, but the relevance of those records is unclear.  Further, Yates's proposed response would constitute his third opportunity to submit materials in support of his motion, a procedure unsupported by the local or Federal Rules of Civil Procedure.

the time of their employment, had not graduated from High School
or had a GED; had not graduated from the Police Academy nor
passed a background check.

(Docket ## 90, 91).  Although Yates attached to his motion some correspondence between him
and defense counsel, none of the correspondence mentions defendants' alleged failure to respond
to the above-listed interrogatories.  (*See id*.).

In response, defendants represent that Yates served them with discovery requests
on March 25, 2010, and responded to the first interrogatory identified above in late 2010.
(Docket # 93 at ¶¶ 4-7).  Defendants contend, however, that they were never served with
discovery requests seeking the information in the second and third interrogatories identified
above.  (*Id*. at ¶¶ 10, 11, 13).

A review of the docket reveals that on March 29, 2010 and October 29, 2010,
Yates propounded interrogatories and requests for production.  (Docket ## 27, 44).  A review of
those discovery requests reveal that they both contain the first interrogatory, but that neither
contains the second or third interrogatories.  (*See id*.).

On this record, Yates's motion to compel a response to the first interrogatory is
moot, and his motion to compel a response to the second and third interrogatories must be denied
on the grounds that he has not established that defendants were ever served with them.  Further,
as noted above, Yates has failed to certify that he conferred in good faith with defendants prior to
filing the motion to compel, as required by the Federal Rules of Civil Procedure.  Fed. R. Civ. P.
37(a)(1).

7

## III.   <u>Motion for Fine Revocation</u>

On June 19, 2012, a motion by Yates was docketed entitled "Application for Fine Revocation or Modif[i]cation." (Docket # 152). A review of the caption reveals that it was apparently intended to be filed in the Yates County Court. (*Id*.). Accordingly, Yates's motion for a fine revocation or modification is denied.

<b><u>CONCLUSION</u></b>

For the reasons stated above, I recommend that the district court deny Yates's motions to amend and supplement his complaint. **(Docket ## 101, 141)**. Yates's motion to compel **(Docket # 90) is DENIED**. Yates's motion for an extension of time **(Docket # 111) is DENIED**. Yates's motion for a fine revocation or modification **(Docket # 152) is DENIED**. **IT IS SO ORDERED.**

                                  *s/Marian W. Payson*
                                  MARIAN W. PAYSON
                                  United States Magistrate Judge

Dated: Rochester, New York
         September   7   , 2012

8

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b), 6(a) and 6(e) and Local Rule 72.3(a)(3).

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See e.g. Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

<u>**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.**</u>  *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  <u>**Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**</u>

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

**IT IS SO ORDERED.**

 s/Marian W. Payson
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
September   7   , 2012